IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED
FEB 13 1997
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

VAN and BRENDA CRAWFORD, )
                         )
    Plaintiffs           )
                         )
v.                       )    CV NO. 96-HM-3310-NW
                         )
HAROLD MCCARLEY, GLENN   )
JOHNSTON, ATM WIRELESS TV)
CABLE, INC., and HURLEY  )
STATE BANK,              )
                         )
    Defendants           )

ENTERED
FEB 21 1997

## MEMORANDUM OPINION

The above-entitled civil action[1] is currently before this Court on the Motion to Remand filed January 15, 1997 by Plaintiffs Van and Brenda Crawford and the Motion to Remand filed February 3, 1997 by Defendant ATM Wireless TV Cable, Inc. [hereinafter "ATM"]. This civil action was removed to this Court from the Circuit Court of Colbert County, Alabama on December 20, 1996 solely by Defendant Hurley State Bank State Bank, with this Court's jurisdiction purportedly predicated upon 28 U.S.C. § 1331 [federal question]. For the reasons hereinafter stated, this Court finds, determines and holds that it lacks subject matter jurisdiction over this civil

---

[1] Eighteen other civil actions against the same Defendants and containing the same legal claims and virtually identical facts as this civil action were removed to this United States District Court and assigned to this HM judge. The individual Plaintiffs in each case differ and there are jurisdictionally insignificant factual differences (such as dates on which certain representations were made) from case to case. These civil actions were all consolidated for discovery purposes in the Colbert County Circuit Court before removal but were not so consolidated in this Court. The rationale and law expressed in this opinion applies to each of those cases and this opinion will be incorporated into the record of each case.

19

action and must consequently remand this case to the Circuit Court of Colbert County, Alabama from whence it was removed.

## FACTUAL BACKGROUND

On September 3, 1996 Plaintiffs commenced this civil action in the Circuit Court of Colbert County, Alabama with the filing of their original Complaint. In that state court complaint Plaintiffs, both residents of Colbert County, Alabama, allege that on or about July 26, 1995 Defendant Johnston, an employee, sales representative and co-owner (along with Defendant McCarley) of Defendant ATM, came to Plaintiffs' Colbert County home in an attempt to sell them an ATM satellite television reception system.[2] Defendant Johnston at that time and in Plaintiffs' home in Colbert County, Alabama is alleged to have described to Plaintiffs the operation of the system and to have stated to them that the price of the ATM system would be $2,836.00, including a five year warranty by ATM on parts and labor. Johnston allegedly then and there further represented to Plaintiffs that their payment would be $49.00 monthly, with the system's purchase price being paid in full in five years' time. It is further alleged by Plaintiffs that Defendant Johnston did not inform Plaintiffs or disclose to them that they would be required to enter into a credit card agreement with Defendant Hurley State Bank in order to finance the purchase of this system.

Plaintiffs allege that they relied upon the representations of

---

[2]The record is unclear as to whether ATM sold its own product brand or resold or distributed the products of another company.

2

Defendant Johnston in his capacity as employee, owner and sales agent of Defendant ATM, and on the basis of such reliance agreed to purchase the satellite system. It was installed on July 28, 1995.[3] After the installation, Plaintiff Brenda Crawford alleges she signed a sales slip[4] (admittedly without having read its contents) which contained an agreement to be bound by the terms of a credit card agreement with Defendant Hurley State Bank. Within two months thereafter Plaintiffs received the Hurley State Bank State Bank credit card and accompanying agreement by mail which had been referenced in the unread text of the sales slip signed by Plaintiff Brenda Crawford. Plaintiffs further allege that this was their first actual knowledge that they had purportedly entered into a **credit card agreement** with a bank which they did not know even existed, much less that such bank was obviously involved with the Defendant ATM in this transaction when Plaintiffs purchased from ATM through Johnston the satellite television reception system in question. Plaintiffs allege that when they received their first account statement from Defendant Hurley State Bank via United States Mail, the statement reflected that they were required to pay interest on the $2,836.00 purchase price at an annual rate of 18.96%. Plaintiffs further allege that this was their first knowledge that they would be charged and required to pay interest

---

[3]The record in this case does not disclose who exactly installed the system or where it was installed.

[4]There is no indication in the record as to who provided, prepared or presented this sales slip for Plaintiff Brenda Crawford's signature.

on the purchase price.  Plaintiff's original state court complaint alleged Alabama state law claims for fraud, misrepresentation, suppression, deceit, fraudulent deceit, and civil conspiracy to defraud against all defendants and an Alabama state law claim for negligent and/or wanton supervision solely against Defendant Hurley State Bank.  Plaintiffs did not allege that they were filing their suit pursuant to any federal statute; rather, they alleged only Alabama state law claims.  A careful review of Plaintiffs' state court complaint shows that they **did not expressly allege or even seek to allege a federal claim against any designated defendant in their state court complaint.**

On or about November 26, 1996 Plaintiffs filed as of right their First Amendment to Complaint with the Colbert County Circuit Court, adding more detailed allegations to their suppression claim. Specifically, Plaintiffs alleged that the credit and financing transaction at the center of this case was wrongfully disguised by Defendants as an "open end" transaction when in fact it was really a "closed end" transaction, which allegedly would have subjected Defendant Hurley State Bank to greater disclosure requirements which Hurley State Bank allegedly failed to make.  These more specific allegation were contained in paragraphs 15C and 15D of Plaintiffs' Amended Complaint, which read as follows:

> 15C. As mentioned above, the defendants suppressed material facts **required by law** to be disclosed in "closed end" credit transactions. More specifically, **and in addition to those material facts alleged to be suppressed in original Paragraph 15 above,** said material facts included but are not limited to the following:

4

> A. The number of monthly payments the plaintiffs would be required to make;
>
> B. The amount of each monthly payment;
>
> C. The date on which each monthly payment would be due;
>
> D. The amount financed;
>
> E. The total finance charge;
>
> F. The total amount of monthly payments;
>
> G. The total sale price; and
>
> H. The penalty which would be imposed due to a late payment.
>
> 15D. Moreover . . . after having wrongfully disguised the plaintiffs' financing as an "open end" transaction, the defendants nevertheless suppressed the material facts **required by law** to be disclosed with respect to "open end" transactions. More specifically, and in addition to those material facts as alleged to be suppressed in original Paragraph 15 above, said material facts included but are not limited to the following:
>
> > A. The minimum finance charge that would be imposed during a billing cycle;
> >
> > B. The grace period or date by which any credit extended for purchases may be repaid without incurring a finance charge;
> >
> > C. An explanation of the balance-computation method used to determine the balance for purchases on which the finance charge is computed;
> >
> > D. The penalty that would be imposed due to a late payment; and
> >
> > E. A statement of billing rights that outlines the consumer's rights and the creditor's responsibilities under applicable law.

(emphasis added). The source of the law requiring these disclosures was not named in the Amended Complaint. Additionally,

5

the Amended Complaint added an Alabama state law claim for breach of contract against Defendants Hurley State Bank and ATM.

Apparently on the same day that the Amended Complaint was filed in state court (November 26, 1996) Plaintiffs' counsel sent a letter to Colbert County Circuit Judge Inge Johnson (the judge then presiding over the case) explaining that the law referenced in Plaintiffs' Amended Complaint requiring the disclosures listed therein was the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq. [hereinafter "TILA"]. Additionally, on December 6, 1996 Plaintiffs filed a Motion to Compel in Colbert County Circuit Court which stated that TILA was the basis for the new factual allegations asserted in the Amended Complaint. On December 20, 1996, Defendant Hurley State Bank removed this action to this United States District Court, asserting that the Plaintiffs' Complaint, as amended, "arises under" federal law, namely TILA, within the meaning of 28 U.S.C. § 1331. Hurley State Bank further asserted that this Court has and should exercise supplemental jurisdiction over the remaining state law claims against Defendant Hurley State Bank and all other Defendants under 28 U.S.C. § 1367. Plaintiffs timely filed their Motion to Remand on January 15, 1997 and Defendant ATM filed its Motion to Remand on February 3, 1997 (which is untimely with respect to any alleged defects in removal procedure but timely with respect to any alleged lack of subject matter jurisdiction). Defendant Harold McCarley filed a response on February 3, 1997 in which he adopted the position and reasoning of the Plaintiffs that this action should be remanded to state court but did not file his

6

own separate Motion to Remand.

## DISCUSSION

> "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1441(a). If it appears before final judgment that a case was not properly removed because the action was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed. See 28 U.S.C. § 1447(c). In this case -- as for many cases where there is no diversity of citizenship between the party litigants -- the propriety of removal depends on whether the case falls within the original "federal question" jurisdiction of this federal district court. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

The United States Supreme Court has set forth the jurisdictional framework governing removal of federal question cases from state to federal courts. The presence or absence of federal question jurisdiction is generally governed by the "well-pleaded complaint rule" which provides that a defendant may remove a case to federal court only if a federal claim **appears on the face of a plaintiff's complaint.** *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391-92 (1987). This rule makes the plaintiff the master of his complaint; he can plead whatever claims he chooses and

generally avoid federal jurisdiction by pleading state law claims and by not pleading federal claims. *Id.* Thus, federal court jurisdiction is not present simply because the plaintiff could have asserted the federal claim instead of or in addition to the state claims presented. *Merrill-Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986). However, a plaintiff may not avoid federal jurisdiction by "artfully pleading" a state claim for what is essentially a federal claim. *See Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 22 (1983). In deciding a motion to remand where the parties disagree on the presence of federal jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

In their Motion to Remand, Plaintiffs argue that their Complaint, as amended, presents only state law claims and does not state a claim under federal law nor "artfully plead" what is in essence a federal claim under state law. Defendant Hurley State Bank first responds by claiming that "Plaintiffs in this case have expressly relied upon TILA in their papers to the circuit court as the source of the claims against Hurley State Bank." Hurley State Bank's Response at 5. This, Hurley State Bank argues, means that federal law creates the claims which Plaintiffs have made against it.

In essence, Defendant Hurley State Bank proposes for this Court to expand the "well-pleaded complaint" rule to include letters

8

to the state court judge presiding over the civil action before its removal. This goes well beyond the face of Plaintiff's Complaint, which is the touchstone of the general rule. Simply stated, the "well-pleaded complaint" rule looks to the face of the complaint, not "papers [submitted] to the circuit court." This Court cannot look beyond the face of Plaintiff's Complaint, as amended, to determine whether a federal question has been presented. **The face of Plaintiff's Complaint, as amended, indicates only that Plaintiff seeks to recover under Alabama state law claims for fraud, suppression, deceit, negligent/wanton supervision, conspiracy, and breach of contract.** Without commenting on the merits of these claims, they are certainly not federal claims and there has been no claim of preemption by any party litigant.[5] Thus, application of the well-pleaded complaint rule results in a finding by this Court that Plaintiffs did not include a federal claim on the face of their well-pleaded complaint, as amended.

Defendant Hurley State Bank alternatively contends that since the resolution of Plaintiff's properly pled state law claim (namely, the suppression claim) necessarily depends on a substantial question of federal law, federal question jurisdiction lies. Indeed, the United States Supreme Court has held:

> Under our interpretations, Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes **either** that federal

---

[5]Nor does Defendant Hurley State Bank contend that Plaintiff artfully pled a federal claim as a state claim. Hurley State Bank's Response at 6 n.3.

9

>   law creates the cause of action **or that the plaintiff's right to relief <u>necessarily</u> depends on resolution of a substantial question of federal law.**

*Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)(emphasis added); *reaffirmed in Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808 (1988)(quoting *Franchise Tax Board*). Thus, if Defendant Hurley State Bank can demonstrate that the state law suppression claim, as amended, **necessarily** depends on resolving a substantial question of federal law, federal question jurisdiction will lie. Both party litigants agree that if the suppression claim is supported by "an alternative theory of state law," it is not "necessary" to resolve a substantial question of federal law within the meaning of *Franchise Tax Board*. There is, however, disagreement among the party litigants as to what precisely constitutes an "alternative theory" of state law.

Defendant Hurley State Bank points out that the material facts, alleged in paragraphs 15C and 15D of Plaintiff's Amended Complaint [quoted verbatim above] to have illegally been suppressed, were only material because they were required by TILA. Since no Alabama statute or case law requires these particular facts to be disclosed and only TILA imposes this disclosure requirement, Hurley State Bank argues that resolution of the suppression claim in Plaintiff's Complaint, as amended, necessarily turns on federal law (namely TILA) and not on an "alternative theory" of state law. In support of this contention, Defendant Hurley State Bank cites this Court to a recent decision of the

10

Ninth Circuit which held that when there is an alternative theory of relief pursuant to state law <u>under the same legal claim</u>, the resolution of federal law is not "necessary." *See Rains v. Criterion Systems, Inc.*, 80 F.2d 339, 345-47 (9th Cir. 1996).[6]

Plaintiffs, relying on *Anderson v. Household Finance Corp.*, 900 F. Supp. 386 (M.D. Ala. 1995)(DeMent, J.), argue that if <u>another state law claim</u> could be supported on the same facts in the case, it should be considered an "alternative theory" of state law, thus making the resolution of Plaintiffs' suppression claim, which may involve a question of federal law, "unnecessary."[7] If this Court chooses to utilize this test, then there is clearly no federal question jurisdiction. Like the plaintiffs in *Anderson*, Plaintiffs in case at bar have alleged claims for fraud and

---

[6] In *Rains*, the court was faced with a claim under California law for discharge from employment based on the plaintiff's religion in contravention of public policy. To establish that such discharge was in fact against public policy, Rains cited Title VII and provisions of the California Constitution. The Court held that since the claim could be supported by using the state Constitution alone to establish public policy, resolution of any questions regarding Title VII was unnecessary. *Rains*, 80 F.3d at 345-47.

[7] In his opinion, Judge DeMent wrote:

> The court finds that the mere mention of the words "federal laws" does not confer the court with federal-question jurisdiction, particularly when a commonsense reading of the complaint and amended complaint reflects the pleading of state law claims. The causes of action are supported by alternative theories of state law and the TILA is not essential to any of those theories. The alternative theories of state law include fraud, misrepresentation, suppression of material facts, and fraud in continuing to receive payments.

*Anderson*, 900 F. Supp. at 839.

11

misrepresentation (among others) under Alabama state law on the same operative facts. If these other state law causes of action in Plaintiffs' Complaint constitute "alternative theories of state law" which make resolution of the suppression claim in this civil action (which may contain a question of federal law) unnecessary, then clearly federal question jurisdiction would not exist.

This Court finds, determines and holds that regardless of whether "alternative theories" of state law means separate state law claims or different grounds which could support the existing suppression claim, a resolution of substantial question of federal law is unnecessary in this civil action. Even assuming that the more difficult *Rains* standard is correct and that the facts set out in paragraphs 15C and 15D of the Amended Complaint were required to be disclosed solely by TILA, there are other factual scenarios under which Plaintiffs could prevail on the same state law suppression claim contained in Plaintiffs' Complaint, as amended. Defendant Hurley State Bank overlooks paragraph 15 of Plaintiffs' original Complaint, which reads as follows:

> 15. On or around July 26, 1995, the defendants suppressed material facts from plaintiffs which included but are not limited to the following:
>
>> A. The loan could not be paid off in five years at $49.00 per month.
>>
>> B. The plaintiffs would be charged interest at the rate of 18.96 percent.
>>
>> C. By signing the sales slip, the plaintiffs were agreeing to be bound to the terms of a credit card agreement.
>>
>> D. The plaintiffs would be required to make

12

      payments of $49.00 per month for more than 13 years.

   E. During the 13 year period, the interest on the loan would amount to more than $4,800.00.

Plaintiff alleges that these facts were required under Alabama law to be disclosed by Defendant Hurley State Bank and Defendant Hurley State Bank does not contend (nor should it) that TILA is the source of this requirement.[8]  Obviously, if the court finds that the Defendants were under a duty under Alabama law to disclose these facts and a jury finds they did not so disclose them, no TILA question will have arisen and the state law suppression claim will have been resolved without resolution of a question of federal law.  Thus, an alterative theory of state law supports Plaintiffs' suppression claim and no substantial question of federal law is <u>necessary</u> to the resolution of any state law claim in this civil action.

  Since, in accordance with the Supreme Court's *Franchise Tax Board* decision, Plaintiffs' well-pleaded Complaint, as amended, establishes neither "that federal law creates the cause of action" nor "that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," this Court finds, determines and holds that this case presents no federal question within the meaning of 28 U.S.C. § 1331 and that **this Court**

---

  [8]Had Defendant argued that these facts, alleged in the Original Complaint filed September 3, 1996, were required to be disclosed by TILA, their removal would have been untimely. Defendant's Notice of Removal was filed December 20, 1996.

**lacks subject matter jurisdiction over this civil action.** Accordingly, the Motions to Remand filed by Plaintiffs and Defendant ATM (only insofar as it objects to this Court's subject matter jurisdiction) are each due to be granted.

Plaintiffs' Motion to Remand sets forth alternate grounds for remand, including allegations that this removal was untimely and that all Defendants were required to join in or consent to the removal of this action but failed to do so. In light of the Court's foregoing ruling on its lack of subject matter jurisdiction it is unnecessary for this Court to address those issues and the Court declines to do so.

## CONCLUSION

For the reasons hereinabove stated, the Court is of the opinion and now holds that the above-entitled civil action is due to be remanded to the Circuit Court of Colbert County, Alabama, from whence it was removed, **for lack of subject matter jurisdiction.** An appropriate remand order in conformity with this Memorandum Opinion is contemporaneously entered.

DONE this 13th day of February, 1997.

_____
E.B. HALTOM, JR.
SENIOR UNITED STATES DISTRICT JUDGE

**FLORENCE, ALABAMA ADDRESS**:

U.S. District Court
Northern District of Alabama
U.S. Post Office & Courthouse
210 North Seminary Street
P.O. Box 1076
Florence, AL 35630
Telephone: (205) 760-8415